## TREADWAY v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14203. Decided Oct 25, 1934

DuLaurence & DuLaurence, Cleveland, for plaintiff in error.

Frank T. Cullitan, Cleveland, for defendant in error.

RICHARDS, J, (6th Dist) LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

## OPINION

By MONTGOMERY, J.

Numerous assignments of error are alleged, all of which have been considered by the court. We have read every line of the voluminous transcript of the evidence taken at the trial in the Common Pleas Court. We find in the record no error in the admission or rejection of evidence which is prejudicial to plaintiff in error.

It is strenuously urged that the court admitted certain hearsay evidence, but it will be observed that the evidence to which particular complaint is directed, was introduced not upon the trial of the action but upon one of the hearings for new trial, and in any event we find nothing in it prejudicial.

It is urged that the lower court erred in the admission of evidence as to other crimes committed by the accused. Suffice it to say that in our judgment all the evidence offered of such other crimes was justified under the provisions of §13444-19 GC.

The chief complaint of error is that the judgment of the lower court was contrary to the weight of the evidence; that the court gave the wrong construction of circumstantial evidence; and that there was no proof of a robbery or intent to rob.

It happens that in the instant case a jury was waived and trial was had before three judges of the Common Pleas Court, and passing upon the judgment of that court we find ourselves in the same position in which we would be if passing upon evidence properly submitted to a jury. We could not substitute our judgment for the judgment of the trial court unless this latter judgment should be manifestly against the weight of the evidence or unless the record should show a lack of proof of one of the essential elements of the crime charged.

In 21 Cyc 1006 in a discussion of circumstantial evidence in homicide cases, the following rule is laid down:

"All the circumstances taken together should be of a conclusive nature and tendency leading, on the whole, to a satisfactory conclusion and producing in effect a reasonable and moral certainty that the accused and no one else committed the act."

A similar definition appears in **21 Ohio Jurisprudence, §95,** and attention is directed to the Ohio cases therein cited.

Measured by these rules what do we find in the instant case?

There were, it is true, no eye witnesses to the crime. The murdered woman, on the day of the murder, had about one o'clock P. M. withdrawn from a bank in the City of Cleveland a substantial sum of money for payroll purposes, a portion of which at least was in bills of large denomination. About an hour thereafter she was found dead in the automobile which she had been driving, some miles from the heart of the city off a main highway, she having been bound and gagged and having been killed by a bullet passing through her head, which bullet was later found in the automobile, still bearing evidence of blood and hair.

The ballistic expert testified that this bullet had come from a Remington Automatic .38 calibre.

A witness passing by this automobile saw it stalled in the mud adjoining the highway; saw a man on the outside of the car, which man he has never identified positively but as to whom stated upon the witness stand that he bore certain striking resemblances to Treadway, which resemblances were described. Shortly thereafter another boy passing along the boulevard or highway, saw a man going through the field some hundreds of feet from the car, which was identified by this boy as being Treadway the accused.

A little later still Treadway was positively identified by a bus driver and a woman passenger upon a bus as the man who took passage upon this bus some distance from the scene of the crime a little while after he had been seen by the boy who identified him as going through the field, and on this bus the man had presented in payment of fare a bill of large denomination which the bus driver could not change.

Treadway, at the time of the commission of the crime, was an employe of an oil company, employed in a filling station. He had not reported for duty that afternoon at his regular time, having telephoned that his wife had been injured and that he could not leave the house. This statement was later proven to be untrue, but at approximately five o'clock Treadway appeared at the filling station, his shoes being muddy.

The evidence shows that Treadway had been, at about the time of the commission of the crime, the owner of at least two pistols or revolvers and that one of these had been kept in the drwaer of the filling station. The afternoon of the crime the attendant then in charge of the filling station did not see the gun in its customary place. Shortly after the commission of the crime Treadway asked the other attendant that he should, in the event of any policeman or detective inquiring about a gun, state that Treadway had never had a gun there. This the other attendant refused to do. The evidence also shows that Treadway also tried to induce the man from whom he had purchased one of these guns to make a false statement in the event there should be any inquiry of him as to the sale of such a gun to Treadway.

Later Treadway, being an embezzler of a large sum of money due his employer, faked a robbery of himself, and at the same time shot himself, claiming to have been robbed; positively identified and caused the conviction for robbery of an innocent man thereby committing deliberate perjury with serious result to another man.

Being arrested and incarcerated on another crime and being then charged with the murder of Ruth' Steese, he escaped from the county jail of Cuyahoga County and in a stolen automobile went to the State of Missouri where he was apprehended for robbing a filling station; was then returned to the State of Ohio and upon trial, convicted.

Such a state of facts seems to us clearly to have justified the conviction and brings this case within the rule governing convictions upon circumstantial evidence as hereinbefore set forth.

We cannot find that the judgment of the lower court was manifestly against the weight of the evidence. The motive was clearly shown and the conclusion cannot be questioned that Ruth Steese was killed while a robbery was being perpetrated upon her.

Counsel for Treadway filed various motions for new trial on the ground of newly discovered evidence. Many affidavits were produced and there were hearings in the court of witnesses produced for and against these motions.

We find no error in the refusal of the trial court to grant a new trial because of this alleged newly discovered evidence. Much of it could not properly be termed newly discovered, and most of it is incompetent, irrelevant and immaterial.

Even had the accused produced at the time of trial all the evidence which he claims on his motions for new trial, the trial court could not have arrived at a different conclusion than the one it reached at the time of the trial.

Finding no prejudicial error in this record the judgment of the Common Pleas Court will be affirmed.

Exceptions may be noted.

RICHARDS and LEMERT, JJ, concur.